GREEN *v.* CHICAGO & WEST MICHIGAN RAILWAY CO.

1. RAILROAD COMPANIES—PRIVATE CROSSING—NEGLIGENCE.
    Whether a railroad company was guilty of negligence in backing its train across a private way, which was, with its acquiescence, in daily and common use, without looking to see if anyone was on the track, so as to render it liable for the killing of a child at such point, is a proper question for the jury.

2. SAME—KILLING OF CHILD—NEGLIGENCE OF MOTHER.
    The mother of a child two years old is not, as a matter of law, guilty of negligence in permitting it to wander out of her sight for a few minutes in company with other children, during which time it is killed by a train of cars.

Error to Muskegon; Russell, J. Submitted October 7, 1896. Decided November 17, 1896.

Case by James Green, administrator of the estate of James Green, Jr., deceased, against the Chicago & West Michigan Railway Company, for negligently causing the death of plaintiff's intestate. From a judgment for plaintiff, defendant brings error. Affirmed.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*Brown & Lovelace* and *Jerome E. Turner,* for appellee.

HOOKER, J. The plaintiff's son, an infant about two years of age, wandered from the premises of its grandmother into the highway, and from there upon and along a private way to the defendant's railroad track, where it was killed by a train of flat or freight cars which was being backed slowly, in the process of switching. No eyewitness of the accident was produced, but there was evidence tending to show that there was no lookout upon

the cars as the train was backed up, the brakemen being otherwise engaged at the time.    The court refused to direct a verdict for the defendant, and left the questions of plaintiff's negligence and contributory negligence to the jury, and a verdict was found for the plaintiff.

While it is true that the child was not killed upon a public highway, there was evidence that tended to show that the accident occurred upon, or in immediate proximity to, a private way, crossing the defendant's track, which was in daily and common use by the owners, and such footmen from the adjoining village as chose to use the same, and that this was known to the defendant and its employés.    In such usage, which had long continued, the defendant apparently acquiesced.    To what extent this way was traveled, and consequently the degree of care required in the management of trains, were proper questions for the jury.    *Schindler* v. *Railway Co.*, 87 Mich. 400; *Townley* v. *Railway Co.*, 53 Wis. 626; *Reifsnyder* v. *Railway Co.*, 90 Iowa, 76; *Clampit* v. *Railway Co.*, 84 Iowa, 71; *Cooper* v. *Railway Co.*, 66 Mich. 261 (11 Am. St. Rep. 482).

The mother of the child was visiting at the grandmother's, and the child was with other children in the yard.    The testimony indicates that they were out of sight but a few moments, before the accident occurred; and we cannot say that the mother was negligent, that being a proper question to be left to the jury.

The judgment is affirmed.

The other Justices concurred.