BLOCK *v.* ANN ARBOR RAILROAD CO.

RAILROADS—INFANTS—NEGLIGENCE—QUESTION FOR JURY.

> In an action for injuries to an infant ten years of age caused by a collision at a street crossing between defendant's electric car and a wagon in which plaintiff was riding, conflicting testimony as to the speed of the car, which was approaching a station, before and after plaintiff's peril was discovered, it being conceded that the negligence of the driver of the wagon was not imputable to plaintiff, *held*, to present questions of fact for the jury. OSTRANDER, C. J., and BROOKE, J., dissenting.

Error to Isabella; Brown, J., presiding. Submitted April 18, 1918. (Docket No. 130.) Decided July 18, 1918.

Case by Helen A. Block, an infant, by next friend, against the Ann Arbor Railroad Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Alexander L. Smith, Gustavus Ohlinger,* and *Francis McNamara,* for appellant.

*F. H. Dodds* and *H. A. Sanford* (*E. L. Beach,* of counsel), for appellee.

MOORE, J.   This case involves a crossing accident which occurred within the limits of the city of Mt. Pleasant, in which the plaintiff, Helen A. Block, was injured. Broadway is a street in the city of Mt. Pleasant which crosses the main track of the Ann Arbor railroad at right angles. The street runs straight east and west and the railroad track runs north and south. North of their intersection and on the east side of the track are located the defendant's station platforms and station buildings. The platform borders the track on the east and extends northwards from the north side of Broadway.

The plaintiff was 10 years old at the time of the accident. She is the daughter of Henry C. Block, a farmer living some miles west of Mt. Pleasant. She and other young people visited Mt. Pleasant to attend graduating exercises in which her brother took part. After the exercises were over, the young people got into a farm wagon to go home. Edward Block, the driver, was 15 years of age, and was occupying the front seat with his brother, William Block, aged 8 years. Edna Block, aged 15 years, a cousin, and Emma Zier, aged 15 years, a neighbor's child, were in the middle seat. Evelyn Block, aged 12 years, Helen A. Block, aged 10 years, and Bessie Block, aged 7 years, were occupying the rear seat. Evelyn Block and Bessie Block were killed in this accident. Helen Block, the plaintiff, received severe injuries. It is for those injuries this suit is brought. From a verdict and judgment of $2,000 in favor of the plaintiff the case is brought here by writ of error.

Very early in the trial the following occurred:

"*The Court:* Do you agree with counsel for the plaintiff that the question of contributory negligence on the part of the plaintiff is not in this case?

"*Mr. Ohlinger:* I think we will admit that the negligence of the driver is not imputed to the plaintiff."

Broadway is perhaps the principal street in Mt. Pleasant. The testimony shows that as the team approached the railway crossing there were many automobiles parked at the curb of the street and to within 10 or 15 feet of the right of way. There were also many people on the street and especially at the station and station platforms. The driver had several years' experience as a driver. His testimony was, in substance, that, as he approached the railway crossing, the horses were on a slow trot, but as they got near the crossing they began to prance, but when doing so were under control and were not going as fast as

when trotting. His testimony is that, as he approached the crossing, he looked both ways and listened, but saw no car and heard no bell or whistle until the horses were on the track, when the whistle blew, the car then being, as he found by a subsequent measurement, 55 feet away. His claim is the car was coming so rapidly that it struck the wagon just forward of the hub of the rear wheel, with the result before stated.

The motorman's version of what happened is as follows:

"If there were teams north of the automobiles I did not see them. I didn't have time to do much of anything only stop. The horses of this Block team were 15 or 16 feet from the track when I first saw them. They were running pretty fast. The driver seemed to pull and seemed to steady them a little bit, but they didn't stop. They kept right on. I don't know how fast they were going. I know how fast my motor was going, but I just saw the team and when I saw them I had to take my eyes off and do something else and I could tell nothing about how fast they were going. I think we were going about eight miles an hour when I first saw them. I was then about 40 feet from the point where the team crossed the tracks and I put on my emergency brake. I slowed up and I think I was going about two or three miles an hour when I hit the wagon. We were going eight miles an hour when I put on the brake and then probably six and when I hit the wagon we were going about three miles an hour. Taking all the circumstances into consideration as they existed there that day, I know that the car could not be stopped any quicker than it was then."

At the conclusion of the testimony for the plaintiff, and at the conclusion of all the testimony, requests for a directed verdict for the defendant were made and overruled. A motion for a new trial was made and refused.

There are many assignments of error but in view of the concession of counsel to which we have called

attention, the only one calling for discussion relates to whether the judge should have directed a verdict for defendant.

We quote from the brief:

"These motions were based briefly on the following grounds: That no negligence had been shown on the part of the defendant; that the speed of the motor car, even granting that it was as high as 30 miles an hour, as claimed by one of plaintiff's witnesses, was not negligent in view of the circumstances, and the opportunity which a traveler on Broadway had of seeing an approaching car; that the speed of the car was not the proximate cause of the accident; that the sole proximate cause of the accident was the negligence of Edward Block the driver; that the plaintiff was herself guilty of contributory negligence; that this case comes within the rule laid down by the Supreme Court in the *Apsey Case.*" (*Apsey* v. *Railroad Co.*, 83 Mich. 432).

We have already called attention to the concession of counsel. The testimony was very conflicting. That offered by plaintiff tended to show the motor car approached Broadway at a high rate of speed. One witness testified:   .

"When I first saw it the motor car was just coming up on the race bridge. I observed it from that point until it got to the center of Broadway and I saw the accident occur. I should say the motor car was going 20 miles an hour."

Cross-examination:

"The car didn't slacken up within inside of 40 feet of wagon, or to amount to anything until it struck the wagon."

Other witnesses estimated the speed of the car at 25 or 30 miles an hour.

There was testimony on the part of the defendant that the motor car was just drifting when it approached Broadway.

The charge was very long, presumably because of the many requests to charge. The court told the jury:

"In this case, as I see it, gentlemen, there is but one question for you to decide, and that is, Was the car being run at a reckless and unlawful rate of speed coming down toward the crossing in question and at the time in question, having in mind and considering all the facts and circumstances surrounding the movements of this car at the time and just prior to the time plaintiff drove upon the railroad track?

"A car cannot be operated—neither can a train be operated on any schedule time such as is demanded of business and be run so slowly that it can be stopped at any time when some person may thoughtlessly step upon the track in front of a train or car. And the question here for you is, first, without consideration of this accident, to determine from the testimony in the case whether or not this motorman in coming down toward this crossing was running that car in and of itself, under all the circumstances there, in a reckless and imprudent manner, having in mind the obligations and duties that are imposed upon people to protect themselves from injury such as an ordinarily prudent and careful person will do. Also having in mind that, other things being equal, the railroad car, or train, has a right to proceed along the track upon which it is running without interruption, unless there is something upon the track to show that there is danger impending, or unless there is something so near to the track to lead the engineer or motorman, to believe that danger was to be precipitated at any particular point."

We think there were questions of fact involved which were properly submitted to the jury. See *Huggett* v. *Erb*, 182 Mich., at p. 536.

Judgment is affirmed, with costs.

BIRD, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred with MOORE, J.

OSTRANDER, C. J. I think there is no evidence of defendant's negligence and that the judgment should be reversed.

BROOKE, J., concurred with OSTRANDER, C. J.