ROBINS *v.* DIRECTOR GENERAL OF RAILROADS.

1. RAILROADS—NEGLIGENCE—DEATH OF CHILD—CROSSING ACCIDENT —EXCESSIVE SPEED—QUESTION FOR JURY.

In an action against a railroad company for the negligent killing of a boy 5 years and 2 months old at a public street crossing near the central part of a city, where hundreds of persons, including children, crossed daily, testimony that the train was running at from 40 to 60 miles an hour and that the electric bell was out of order, *held*, to present a question of fact for the jury as to defendant's negligence.

2. SAME—EXCESSIVE SPEED—UNANTICIPATED ACT.

Where the train was running at an unlawful rate of speed, it cannot be held, as a matter of law, that the accident was caused by the sudden and unanticipated act of the child.

3. SAME—KILLING OF CHILD—NEGLIGENCE OF MOTHER.

The mother of a boy 5 years and 2 months old is not, as a

On excessiveness or inadequacy of damages for personal injuries resulting in death, see note in L. R. A. 1916C, 820.

matter of law, guilty of negligence in permitting him to remain out of her sight for a few minutes on the porch of a hotel while she went into the office, during which time he wandered upon the tracks and was killed.

4. SAME — EVIDENCE — FINANCIAL ABILITY OF FATHER — ADMISSIBILITY.

Testimony of the father as to his financial ability, *held*, admissible for the purpose of bearing upon the probability of the child being put to work earning money for the father.

5. SAME—DAMAGES—EXCESSIVE VERDICT.

A verdict of $1,275 for the negligent killing of a boy 5 years and 2 months old, *held*, not excessive.

Error to Lenawee; Hart, J.  Submitted June 13, 1919.  (Docket No. 74.)  Decided October 6, 1919.

Case by Laura A. Robins, administratrix of the estate of Theodore James Robins, deceased, against William G. McAdoo, director general of railroads, for the negligent killing of plaintiff's decedent.  Judgment for plaintiff.  Defendant brings error.  Affirmed.

*Herbert R. Clark*, for appellant.

*B. D. Chandler*, for appellee.

MOORE, J.  This suit was commenced to recover damages because of the death of plaintiff's son who was killed in the city of Hudson at the intersection of the tracks of the New York Central Railroad Company and Market street.  The negligence charged was the running of its passenger train across Market street at an excessive rate of speed and in not maintaining at said crossing a properly equipped electric bell.  It is also charged that the engineer and fireman were not keeping a proper lookout.  The population of the city of Hudson is about 2,800, and the Market street crossing is near the central part of the city and near

the center of population, and within two blocks of the business center. Theodore James Robins on the date of his death was five years, two months, and eight days old. He was a bright, active boy in good health. At the time of the accident, Mr. and Mrs. Robins were living in Detroit. They were returning to Hudson to live and had shipped some of their goods there. Mrs. Robins with her children was stopping at the Brant Hotel which is situate on Market street about 80 feet south of the tracks of the New York Central railroad. At the Market street crossing the railroad company had maintained an electric bell. It was claimed this bell was out of order, that it would nearly always ring when trains were approaching from the west, but from the east it seldom rang and on the day of the accident the plaintiff contended and submitted proof that on the approach of the train this electric bell was not ringing.

It is claimed that just prior to the accident the mother of decedent was upon the porch of the hotel unpacking some goods and decedent and his little brother were in a swing upon the porch of the hotel, that about 10 minutes before the accident the mother stepped into the office of the hotel and was there at the time of the accident. It is claimed the train which killed the boy was about 10 minutes late. It consisted of a locomotive and 7 or 8 coaches, and it is claimed it did not slow down for the Market street crossing, but ran across the street in question at a speed estimated by witnesses for the plaintiff at 40 to 60 miles an hour. Just before the accident the decedent and his little brother were seen upon the sidewalk between the hotel and the railroad track. Two men crossed the track just in front of the train on the east side of Market street, and an older man passed in front of the train on the west side of Market street, and decedent followed him across the track and was struck

by the locomotive when near the north side of the track and instantly killed.

Several written requests were preferred by defendant all of which were given except two, which asked for a directed verdict. The jury returned a verdict for the plaintiff for $1,275. Defendant made a motion for a new trial which was overruled. The case is brought here by writ of error.

We quote from the brief of counsel for appellant:

"The principal and meritorious questions in the case are these:

"(1) Was the accident not due to the sudden and unanticipated act of the child, an act that the railroad company could not foresee or provide against?

"(2) Was the mother of deceased not guilty of contributory negligence such as to preclude recovery?

"(3) Was the railroad company guilty of any negligence that was the proximate cause of the accident?

"(4) Was there any evidence upon which a jury could base a verdict for damages?

"(5) Did the court err in permitting the father of deceased to testify as to his financial means?

"(6) Was the verdict not against the great weight of the evidence?

"(7) Did the court not err in permitting plaintiff to amend her declaration by adding the question of lookout as a ground of negligence?"

It is claimed by defendant that it was the sudden and unanticipated act of the boy and no act of negligence of the defendant that caused the accident, counsel citing *Hoover* v. *Railway Co.*, 188 Mich. 313, and *Coessens* v. *Railway*, 136 Mich. 481, and *Czarniski* v. *Transfer Co.*, 204 Mich. 276. A reference to the earliest of these cases will show that it was held that the car was running at a lawful rate of speed, which differentiates it from the instant case, as made by the testimony on the part of the plaintiff. In the case of *Hoover* v. *Railway Co.*, *supra*, the child was killed while a trespasser in the station yard of the railroad

company.  A different case from the one before us.
There is some language in the opinion that may be
helpful here:

"Back of that lies the rule that at places where
there is reason to anticipate that persons, including
children, may be upon the track, as in cities and towns,
the train cannot be operated upon the presumption
that the track is clear and need not be watched, but a
proper lookout must be maintained with that degree
of care which a person of ordinary prudence and cau-
tion, having in mind both the safety of the train with
its passengers and persons ahead likely to be injured
by it, would commonly exercise under like circum-
stances, according to the probability of danger at the
portion of the track being traversed."

In the other case cited it was held to be a question
for the jury whether defendant was negligent.  In
the instant case there was a great deal of testimony
that the train was run at a high rate of speed at a
crossing frequented by hundreds of pedestrians daily,
including children, with a crossing bell out of order
so that it did not ring.  This feature of the case is gov-
erned by *Nissly* v. *Railway Co.*, 168 Mich. 676 (Ann.
Cas. 1913C, 719).   There is a full discussion of the
rights of an infant and the duty of a railway com-
pany in the case of *Huggett* v. *Erb*, 182 Mich. 524
(Ann. Cas. 1916B, 352), with a citation of many au-
thorities; *Block* v. *Railroad Co.*, 202 Mich. 341; *Fischer*
v. *Railway Co.*, 203 Mich. 668; and *Green* v. *Railway
Co.*, 110 Mich. 648.  The last case also holds that the
mother should not be held as a matter of law to be
guilty of contributory negligence.

Was it error to allow the father to testify to his
financial ability?  The court cautioned the jury that
this testimony could only be used as bearing upon the
probability of the child being put to work earning
money for the father.  We think with the limitations
put upon the testimony it was not reversible error.

Was the verdict so large it ought to be set aside? The case of *Black* v. *Railroad Co.*, 146 Mich. 568, justifies the amount of the verdict. The case was tried with great care. We discover no reversible error.

The judgment is affirmed with costs to the plaintiff.

BIRD, C. J., and STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.

The late Justice OSTRANDER took no part in this decision.