McCANN *v.* CITY OF DETROIT.

1. STREET RAILWAYS—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY. In an action under the death act for the alleged negligent killing of a boy four years and three months old, who was struck and killed by a street car, testimony that the boy was on the tracks when the car was a block and a half away was sufficient to take to the jury the question of the negligence of the motorman in running over him.[1]

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE OF PARENTS OF INFANT NOT IMPUTABLE TO CHILD UNDER SURVIVAL ACT, BUT IS IMPUTABLE UNDER DEATH ACT. Where the action for the negligent killing of an infant is brought under the survival act, the contributory negligence of the parents is not imputable to the child, but where it is brought under the death act and the recovery inures to the parents for their pecuniary loss, then their contributory negligence bars recovery.[2]

3. SAME—DEATH ACT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Whether a mother was guilty of negligence contributing to the death of her son, four years and three months old, who wandered out of the home and was struck and killed by a street car, was a question for the jury under evidence showing that he was out of her sight only a few minutes.[3]

Error to Wayne; Jayne (Ira W.), J. Submitted January 15, 1926. (Docket No. 54.) Decided March 20, 1926.

Case by Catherine McCann, administratrix of the estate of William McCann, deceased, against the city of Detroit and another for the negligent killing of plaintiff's decedent. Judgment for defendants *non obstante veredicto.* Plaintiff brings error. Reversed and judgment ordered entered on the verdict.

[1]Street Railroads, 36 Cyc. p. 1612; [2]Negligence, 29 Cyc. pp. 553, 555; [3]Id., 29 Cyc. p. 643.
Parent's contributory negligence as bar to an action by parent or administrator for death of child, see note in 23 A. L. R., 670.

*Bernard A. Clark,* for appellant.

*Charles P. O'Neil,* Corporation Counsel, and *Edmund A. McQuillan* (*Clarence Page,* of counsel), for appellees.

FELLOWS, J.    Plaintiff brings this suit as administratrix of the estate of her deceased son who was instantly killed by a street car operated by defendant city on Clairmount avenue.    The boy was four years and three months old.    The declaration counts under the death act.    At the close of plaintiff's proofs and at the close of all the proofs, defendant asked for a directed verdict and the question was reserved under the Empson act.    Plaintiff had verdict but judgment for defendant was entered *non obstante veredicto.*. While there are numerous assignments of error but two questions merit discussion:

(1) Was the testimony sufficient to take the question of defendant's negligence. to the jury?
(2) Were deceased's parents guilty of contributory negligence as matter of law?

1. Counsel for the city in his brief has collected with care the testimony tending· to show that the child darted out from the curb in his play directly in front of the oncoming car so suddenly that the accident was unavoidable by any amount of care.    If this testimony was undisputed, defendant's motorman could not be charged with negligence.    But this testimony was not unchallenged.    A witness called by plaintiff testified:

"The street car, when I first saw it, was about a block and a half from the child, short block and at the time the child was on the tracks."

There was other testimony tending to show that the child was between the tracks and it may be inferred was putting a pin on the rail to be run over. If the child was on the track when the car was a block

and a half away and in plain view of the motorman, the jury was justified in finding the motorman negligent in running over him.

2. Where the action is brought under the survival act, the contributory negligence of the parents is not imputable to the child, but where the action is brought under the death act and the recovery inures to the parents for their pecuniary loss, then their contributory negligence bars recovery. *Feldman* v. *Railway,* 162 Mich. 486; *Flintoff* v. *Lighting Co.,* 208 Mich. 527. The trial judge so charged the jury in the instant case. But defendant insists, and must insist to sustain the judgment, that the court should have held the parents guilty of contributory negligence as matter of law. We cannot agree with this contention. The plaintiff testified that she last saw the little boy "at 10 o'clock or a little after in the house," and saw him leave; there was testimony that the accident occurred "around 10 or 10:30." The child was out of plaintiff's sight but a few minutes. Under these circumstances it was for the jury to determine whether she was guilty of negligence contributing to the death of the boy. *Green* v. *Railway Co.,* 110 Mich. 648; *Robins* v. *Director General of Railroads,* 207 Mich. 437.

The judgment must be reversed and the case remanded with direction to enter judgment on the verdict.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.