## BLOCKER v. BROWN EXPRESS, Inc.

### No. 10750.

Court of Civil Appeals of Texas. San Antonio.

Oct. 9, 1940.

Rehearing Denied Nov. 13, 1940.

Roberts & O'Connor, of Breckenridge, and Kent & Brown, of Harlingen, for appellant.

Abney & Whitelaw and Seabury, Taylor & Wagner, all of Brownsville, for appellee.

SMITH, Chief Justice.

Plaintiff below, Lois Blocker, was injured in a head-on collision between a car she was driving and a truck owned by Brown Express, Inc., defendant below, and driven by its authorized employee, Arlis Cummings.

The accident occurred between 3 and 4 o'clock p. m., December 7, 1938, on U. S. Highway 281, at a point seven miles north of the City of Brownsville. Plaintiff was driving south and Cummings north. The collision occurred when the vehicles were passing a gasoline filling station, as plaintiff's car entered and the truck emerged from a curve of a much-traveled highway.

The plaintiff, Lois Blocker, brought this action against Brown Express, Inc., to recover damages for her injuries, but was denied recovery upon an adverse jury verdict, and has appealed. She will be designated as plaintiff and Brown Express, Inc., as defendant, as in the trial court.

The case is essentially one of fact. Each party charged that the accident was proximately caused by each of numerous acts of negligence of the other, and the jury found that each party was guilty of numerous negligent acts proximately causing plaintiff's injuries.

The jury found that defendant's driver was negligent and that such negligence was a proximate cause, in that he (1) failed to keep a proper lookout, and (2) was operating the truck on his left side of the highway.

On the other hand, the jury found that plaintiff was negligent, and such negligence was a proximate cause of her injuries, in that she (1) was driving at an excessive speed; (2) failed to keep a proper lookout; (3) failed to apply her brakes at two specified stages of the emergency; (4) failed to keep her car under proper control; (5) failed to drive her car to the right and on to the shoulder of the highway.

The elements of unavoidable accident and discovered peril were eliminated by jury findings.

 In numerous propositions of law appellant takes the position, or, rather, several related positions, that (1) the evidence did not support the jury findings that plaintiff was negligent in numerous material respects, and that such negligence, in each particular, was a proximate cause of plaintiff's injuries, and (2) that in view of other facts, not found by the jury but assumed by plaintiff, the findings of contributory negligence should have been disregarded and judgment rendered for plaintiff notwithstanding them. We cannot sustain these contentions. In our opinion there was material evidence to support the several findings of contributory negligence, which were approved by the trial judge and are binding upon this court. The result is that plaintiff cannot recover in the face of those findings, regardless of plaintiff's contrary appraisal of the evidence, and regardless of jury findings that defendant was also guilty of acts of negligence which were themselves proximate causes of the deplorable accident, and regardless of the finding in favor of plaintiff that she did not discover the perils of the situation in time to avoid their consequences.

As stated, the case was essentially one of fact, submitted upon appropriate supported issues, which the jury resolved against plaintiff through controlling findings which settle the case. Upon these conclusions we overrule all of plaintiff's propositions and affirm the judgment.

## On Motion for Rehearing.

In her motion for rehearing plaintiff questions the accuracy of the statement in the original opinion that the accident involved occurred in a "thickly settled community" on United States Highway 281. Being immaterial to the decision, and based perhaps more upon an assumption of the writer than upon evidence in the record that U. S. Highway 281 traverses a continuous "thickly settled" community in the Lower Rio Grande Valley, the statement has been deleted from the original opinion.

 Plaintiff requests certain specific findings of fact. We have adopted the findings in the trial court as the findings of this court and conclude they sufficiently cover the case.

 Plaintiff urges her conception of the inconsistency between the judgment in this case and that in the companion case of Brown Express, Inc., v. Henderson, Tex. Civ.App., 142 S.W.2d 585. There is this very material difference in the two cases: In this case the plaintiff was the driver of the wrecked automobile, while in the other case the plaintiff was but a mere passenger in the same automobile. Besides, the two appeals present and were determinable by entirely different questions of law, and it is only those questions which we have decided in the respective cases, letting the results fall where they might.

Plaintiff's motion must be overruled.