## BLOCKER v. BROWN EXPRESS, Inc.
### No. 11067.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 10, 1941.

Rehearing Denied Feb. 4, 1942.

348

Roberts & O'Connor, of Breckenridge, and Kent & Brown and Carter & Stiernberg, all of Harlingen, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellee.

NORVELL, Justice.

Appellant, Lois Blocker, described this action as one brought under the "death statute" for damage resulting from the death of her mother, Mrs. Senie Blocker. Appellant sued in her own name, as the only child and sole surviving heir and beneficiary of the deceased.

Mrs. Senie Blocker sustained fatal injuries as the result of a collision between an automobile and a truck. This collision was the same as that involved in the case of Lois Blocker v. Brown Express, Inc., No. 16698, on the docket of the District Court of Cameron County, Texas. In the case mentioned judgment was rendered in favor of said Brown Express, Inc., upon a jury's finding that Lois Blocker was contributorily negligent in numerous particulars. The trial court's judgment was affirmed by this Court, 144 S.W.2d 451, and writ of error refused by the Supreme Court.

After both sides had rested in the present case, the trial court, upon motion of appellee, Brown Express, Inc., peremptorily instructed the jury to find for appellee, upon the theory that the judgment in the former cause, No. 16698, operated as an estoppel against a recovery by appellant in this cause. Judgment was entered accordingly.

The action of the trial court was correct. Title 77, Articles 4671 to 4678, inclusive, Vernon's Ann.Civ.Stats., commonly referred to as the "death statute," is patterned after Lord Campbell's Act passed in England in 1846. 16 Am.Jur. 39, § 49, 33 Tex.Jur. 12, § 4.

The statute in Texas, and seemingly in most jurisdictions, creates a new cause of action. Childs v. Childs, Tex.Civ.App., 107 S.W.2d 703; 33 Tex.Jur. 15, § 7, 16 Am.Jur. 47, § 61. Liability against the appellee in this case is therefore asserted by Lois Blocker in an individual capacity under the statute above referred to. In the former suit, No. 16698, Lois Blocker, in an individual capacity, also asserted that Brown Express, Inc., was liable by reason of injuries sustained by her as a result of the collision involved. In this case, therefore, we have a second action between the same parties, in which certain identical issues are involved, namely, those relating to the asserted contributory negligence of Lois Blocker. As to these issues the former judgment operates as an estoppel, for, as said by Mr. Justice Sharp in Rio Bravo Oil Company v. Hebert, 130 Tex. 1, 106 S.W.2d 242, 245: "Where parties have had the opportunity of litigating certain issues, and a final judgment is entered in said cause adjudicating those issues, it is not the policy of the law to permit a relitigation of such questions. The rule is now well settled that a judgment on an issue directly involved in a case is conclusive in a second suit between the same parties, although the second suit relates to a different subject-matter. It is also equally well settled that an issue of fact necessary for a determination of issues in a prior case, and a judgment entered therein, creates an estoppel by judgment against relitigation of the same issue. Hanrick v. Gurley, 93 Tex. 458, 479, 54 S.W. 347, 55 S.W. 119, 56 S. W. 330, and cases cited; Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526."

The sole remaining question is whether or not the fact that Lois Blocker was guilty of contributory negligence, in connection with the collision which resulted in her mother's death, bars a recovery by her as the sole beneficiary under the death statute.

"The rule supported by the weight of authority is that the contributory negligence of the sole beneficiary * * * of an action for wrongful death operates to defeat such action. * * * The rule is based upon public policy and the principle that no one should be permitted to profit by his own wrong." 16 Am.Jur. 89, § 132. See also, Annotation, 87 A.L.R. 589.

The rule above stated obtains in Texas. Williams v. Texas & P. R. R. Co., 60 Tex. 205; 33 Tex.Jur. 75348.

Judgment is affirmed.