**Roy IVES d/b/a Ives Real Estate, Claudia Barth, et al., Appellants,**

v.

**Edward R. URBAN, Appellee.**

**No. 38.**

Court of Civil Appeals of Texas.

Corpus Christi.

July 29, 1964.

Rehearing Denied Dec. 3, 1964.

Second Motion for Rehearing Denied Dec. 31, 1964.

Elwood Gaus, Yoakum, Fly, Cory & Moeller, Victoria, for appellants.

Richard Henderson, of Guittard & Henderson, Victoria, for appellee.

SHARPE, Justice.

This action was instituted by Edward R. Urban, appellee, hereafter referred to as "buyer", against Roy L. Ives, one of the appellants, hereafter referred to as "Ives", for recovery of $2,700.00, representing earnest money held in escrow by Ives as a real estate broker in connection with a proposed sale of 160 acres of land situated in DeWitt County, Texas, owned by John T. Prewitt Estate, (Claudia Barth, et al.), hereafter referred to as "sellers".

In addition to an answer, Ives filed a bill of interpleader and deposited $2,700.-00 in the registry of the court. He claimed the right to recover $1,375.00 of said amount, and if, not so entitled, prayed that he be allowed attorney's fees of $200.00 on his interpleader.

The sellers, consisting of Claudia Barth and sixteen other persons, filed a plea of intervention in which it was alleged that appellee had forfeited the said $2,700.00 and that they should recover that portion of it which remained after the claim of Ives was satisfied.

The trial court rendered judgment that appellee recover judgment against Ives and the sellers for the $2,700.00 deposited in the registry of the court; that appellee recover from sellers interest on said $2,700.00 from September 4, 1962, until paid; that Ives

recover $125.00 for attorneys fees on the bill of interpleader, to be taxed as costs; and that the costs be taxed against sellers. Ives and the sellers have appealed.

Although appellants urge eight points of error, it appears that unless their points one and two are sustained, the judgment should be affirmed. Point one, in substance, asserts that the trial court erred in holding there was never a valid contract of sale between the parties; point two, that the trial court erred in holding that if a contract of sale was consummated, the sellers failed to comply therewith. We have concluded that appellants' points one and two are not well taken. Appellee's counterpoints to the effect that the proposed contract never became binding on him and that, even if there was a contract, sellers failed to show a good and marketable title to the land involved, must be sustained.

At the request of appellants, the trial court filed seventeen findings of fact and two conclusions of law. Conclusion of law number one is that there was never a valid contract of sale between the parties. Conclusion of law number two is, in substance, that if there was a valid contract of sale between the parties, appellee, nevertheless, was entitled to recover his earnest money because the sellers failed to comply therewith for the reasons hereafter more fully discussed.

The trial judge in this case found, among other things, "That plaintiff (appellee) signed the contract and made the deposit with the agreement and understanding that it would not be binding unless executed by Mrs. Maybelle Brown, as agent and attorney in fact for the owners of the John T. Prewitt Estate" (Finding of Fact No. IV); and "that such contract was never executed by Mrs. Maybelle Brown, nor any other owner of the John T. Prewitt Estate" (Finding of Fact No. V). It further appears from Finding of Fact No. VI that the attorney for the sellers, instead of returning the contract of sale to the buyer,

duly executed by sellers or their agent, forwarded to the attorney for the buyer copy of a deed, an abstract and various papers, some of which related to the mental competency of two of the grantors-sellers, with the explanation "that it was all done to see whether a sale was actually possible."

■ Appellants contend that an acceptance of the proposed written contract by them was conclusively established, placing reliance on Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855 (1958), which recognizes the rule announced in earlier decisions " * * * that when a contract between two parties is reduced to writing and signed by one party and expressly accepted orally by the other, it is sufficient to impress upon it the character of a written instrument, and that a written instrument signed by one party and expressly accepted orally by the other becomes a written contract". However, Ford v. Culbertson also cites the case of Simmons and Simmons Construction Co. v. Rea, 155 Tex. 353, 286 S.W.2d 415 (1956), where it was pointed out that such rule does not mean that a written instrument will be held to be a written contract where one of the parties intended that signing by both parties should be a condition of his assent thereto.

■ The conclusion of law that there never was a valid contract of sale between the parties is correct and the related findings of fact made by the trial court are supported by evidence; and, together, they compel rendition of judgment in favor of Urban. Under the circumstances disclosed by the record herein, the conduct of the attorney for the sellers did not amount to an acceptance by them of the proposed written contract. The letter from sellers' attorney transmitting the above-mentioned papers to buyer's attorney made it clear that "instead of submitting a contract of sale for the many interested parties" another procedure was being followed. This action amounted to an entirely different

proposal rather than constituting an acceptance of the instrument which had been executed by Ives and the buyer. It is apparent that the action taken by the attorney for the buyer was in connection with such new proposal which was submitted to determine whether a sale was actually possible. In due time the buyer's attorney advised the sellers' attorney that a sale was not possible under the conditions then existing, giving reasons for such position. Such conduct on the part of the buyer's attorney did not give rise either to waiver or estoppel of the buyer's right to question the existence of a contract. Owens v. Jackson, 35 S.W.2d 186 (Tex.Civ.App.1931, wr. dism.). Appellants' point number one, complaining of the holding of the trial court that there was never a valid contract between the parties, is overruled.

■ It further appears that even if the trial court was wrong in finding and concluding that there was never a valid contract of sale, still, appellee would have been entitled to recover under conclusion of law number two and the related fact findings made by the trial court. In substance, conclusion of law number two is that even if there was a valid contract of sale that sellers failed to comply therewith; that the objection relating to the mental capacity of two of the sellers was valid and the doubt raised thereby rendered the title to the land not good and marketable; that the title to the property was not good and merchantable or shown to be such by the sellers as the contract required; that the buyer failed to consummate the contract because of title defects; that the buyer is entitled to recover his earnest money with interest from date of demand and costs of court.

Findings of fact numbers VII through XVI are related to conclusion of law number two. In substance, these findings are that the buyer's attorney examined the abstract and other papers furnished by the attorney for the sellers and rendered a written opinion containing objections to the title; that such instruments did not show a good and marketable title to the land in question because of the objections contained in paragraphs 1 through 5 of said opinion, which were valid objections; that after said title opinion was furnished to the sellers' attorney, there was a discussion of possible methods of curing the objection contained in paragraph 2 of the title opinion, which was directed to the mental capacity of two of the sellers, including the possibility of a binding judicial determination of their capacity; that, thereafter, the attorney for sellers attempted to declare an anticipatory breach of the alleged contract on the ground that the objection as to the mental capacity of the said two sellers was not a valid objection to the title; that the sellers did not make a further tender in connection with such objection or the other objections in said title opinion; that buyer was not furnished with a certificate that the corners of the property had been established by a licensed surveyor, as the contract provided; that the buyer and his attorney did not waive such objections or certificate; that sellers were not prevented from compliance with the contract or tender thereof by letter from or conversation with buyer's attorney; that the matter of curing the objection relating to the mental capacity of the said two sellers was still the subject of conversation when sellers' attorney attempted to declare anticipatory breach of the contract.

It appears that the question concerning the mental competency of two of the sellers caused most of the difficulties in this case. The attorney for the sellers apparently anticipated an objection in such connection by furnishing to the attorney for the buyer various instruments concerning the mental competency of two of the sellers along with the abstract and other papers. It thus appears that the attorney for the buyer was placed on actual notice of histories of mental incompetency on the part of said two sellers. It is further apparent that serious problems were presented because

of said facts in the light of such cases as Wright v. Matthews, 130 S.W.2d 413 (Tex. Civ.App.1939, wr. dism. judg. correct) wherein it is held that the deed of an insane person may be cancelled and set aside, even though there be supervening equities of innocent persons without first showing that there is no adequate remedy at law, and that a judgment of sanity or insanity is not res judicata at a prior or subsequent date to that of its determination. The actual fact of insanity of two of the sellers was not at issue but the real question was whether the abstract and other papers submitted to the buyer's attorney showed a good and marketable title.

The trial court's conclusion of law number two and the related findings of fact, hereinabove mentioned, furnish an alternative basis for the judgment in favor of appellee, even if there was a completed contract between the parties. It is not necessary to rest our decision upon the question as to the mental competency of two of the grantors-sellers in view of the sufficiently supported findings of the trial court that such subject was still being discussed when sellers attempted to declare an anticipatory breach of the alleged contract, that the sellers made no further offer or tender in connection with curing the other objections raised in the said title opinion, that the buyer had not waived such objections, and the conclusion that the buyer failed to consummate the contract because of title defects. Even if a valid contract had existed between the parties, the above findings establish sellers' non-compliance therewith and buyer's right to recover his deposit. Greenville National Bank v. Partain, 52 S.W. 648 (Tex.Civ.App. 1899, n. w. h.).

It appearing that the judgment in favor of appellee is firmly based upon either of the two theories heretofore mentioned, further discussion of appellants' other points is deemed unnecessary and the same are overruled.

Affirmed.

## ON MOTION FOR REHEARING

As a part of their motion for rehearing appellants move for eighteen specific findings which are allegedly findings of fact. Some of such requests are either conclusions of law or mixed conclusions of law and fact. Virtually all of them are extremely general, and are ambiguous and uncertain concerning the dates, places and persons involved. The said requests are denied for such reasons and further because they tend to conflict with the findings and conclusions stated in our original opinion, or they relate to matters allegedly shown by undisputed testimony and which are available to appellants on further proceedings, without findings or conclusions by this Court. Appellants do not specify the points upon which there is no finding of fact or upon which the findings are insufficient in accordance with Rule 455, Texas Rules of Civil Procedure, nor do they request us to make findings and conclusions which we consider to be correct in connection with the subject matter of such requests; instead, they insist upon the specifically worded findings submitted by them. We reiterate and adhere to the findings and conclusions of the trial court which we approved in the original opinion instead of making the requested findings which are included in appellants' motion for rehearing. Blocker v. Brown Express, Inc., 144 S.W.2d 451 (Tex.Civ.App., 1940, writ refused); Gregory v. City of Garland, 333 S.W.2d 869 (Tex.Civ.App., 1959, writ refused, n. r. e.).

We find no merit in the matters raised in appellants' motion for rehearing and the same is overruled.