John T. MITCHELL, Appellant,

v.

Milton AKERS et ux., Appellees.

No. 16662.

Court of Civil Appeals of Texas.

Dallas.

Feb. 18, 1966.

Rehearing Denied March 25, 1966.

Bailey, Williams, Weber & Allums, Dallas, for appellant.

James W. Rainey, Jr., Irving, for appellees.

DIXON, Chief Justice.

Appellees Milton Akers and wife Helen Akers filed suit against appellant John T. Mitchell for damages arising out of the drowning of their son, Philip Akers, aged three years and eight months, in appellant's private swimming pool located on appellant's property. Appellees' action was brought as parents in their own behalf pursuant to Art. 4671, Vernon's Ann.Civ. Statutes, and also as sole heirs in behalf of the child's estate pursuant to Art. 5525, V.A.C.S.

The two actions are quite different. Under the common law no recovery of damages was permitted for the death of a person. Such a right was conferred on a surviving husband, wife, child and parents of a deceased by the passage of Art. 4671, et seq., V.A.C.S. It is to be regarded as a new cause of action purely statutory in nature.

On the other hand an action under Art. 5525, et seq., V.A.C.S. is not a new cause of action. The statute provides for the survival of a common law action for damages which was instituted or could have been instituted by a person who sustains injuries later resulting in death. The cause of action may be asserted by the heirs or the administrator of the deceased in behalf of the estate of the deceased. Landers v. B. F. Goodrich Co., Tex., 369 S.W.2d 33, 35; 25A C.J.S. Death p. 596; 22 Am. Jur.2d 618.

The contributory negligence of the deceased will defeat recovery under either of the two statutes. But that is a matter which need not concern us here, for the deceased, being a child only three years and eight months of age, as a matter of law cannot be held to have been contributorily negligent. Eaton, et al. v. R. B. George Investments, Inc., 152 Tex. 523, 260 S.W.2d 587.

However, a jury found contributory negligence and proximate cause in answering issues as to whether the mother had failed to keep a proper lookout for the safety of the little boy. These findings are a bar to the recovery by the parents of damages sustained by them as parents as a result of the child's death, which damages they sought under the provisions of Art. 4671, V.A.C.S. Blocker v. Brown Express, Inc., Tex.Civ.App., 158 S.W.2d 347; Williams v. Texas Pacific R. Co., 60 Tex. 205; McMillion v. Wilkinson, Tex. Civ.App., 135 S.W.2d 231; Baker v. Dallas Hotel Co., 5 Cir., 73 F.2d 825; 17 Tex. Jur.2d 636; 16 Am.Jur. 89; 25A C.J.S.

Death p. 710. Whether the mother's contributory negligence also barred recovery under Art. 5525 is a question which we shall consider later in this opinion.

Appellant and appellees live in the same block in the City of Irving, Texas. There are many children of tender years living in the neighborhood, a fact which was known to appellant.

Appellant's swimming pool ranges in depth from two or three feet to more than six feet. The back yard where the pool is located is surrounded by a concrete block fence except on the side facing the rear of the house. This fence is approximately six feet in height and has several wooden gates for entry and exit. An ordinance of the City of Irving requires that private swimming pools shall be fenced in and all gates shall be equipped with self-closing and self-locking devices. Appellant's gates were equipped with self-locking devices but not with self-closing devices. The pool had not been in use for some time but on the occasion here involved it was filled with water in order to keep it from cracking or otherwise deteriorating.

On October 25, 1962 the little boy's mother missed him and started a search for him accompanied by another lady who lived in the neighborhood. They found his tricycle in the open gate to appellant's back yard. After a considerable search, for the water was murky, they retrieved the child's body from the pool. Artificial resuscitation was attempted to no avail. The child was dead. A doctor who arrived on the scene soon after the discovery, examined the body of the child. He gave it as his opinion that the child had died from drowning after he had struggled two or three minutes during which struggle he had suffered physical pain and mental anguish.

Appellant testified that before leaving that morning he walked around and visually checked the gates to see if they were locked, and he decided they were locked, but he did not take hold of them and manually check them; and he was not telling

the jury as a mechanical fact or a scientific fact or absolute truth that this gate was locked on that day.

The jury's verdict was as follows: (1) appellant knew or should have known that the place where the swimming pool was maintained was one upon which children were likely to trespass; (2) appellant did not know or realize nor should he have known or realized that the pool involved an unreasonable risk of death or serious bodily harm to children; (4) appellant failed to keep self-closing and self-latching devices designed to keep and capable of keeping the gates securely closed when not in use; (5) which was negligence, and (6) a proximate cause of the child's death; (7) the jury did not find from a preponderance of the evidence that appellant failed to lock the gate in question on the occasion in question; (10) Mrs. Helen Akers, the child's mother, failed to keep a proper lookout for the safety of the child; (11) which was negligence, and (12) a proximate cause of the child's death; (13) damages were found in the amount of $819.10 (which included expenses incurred for funeral and burial) and $5,000 for the child's physical pain and mental anguish as a result of the accident in question.

The court overruled appellant's motion for judgment on the verdict and sustained appellees' motion to disregard the jury's answer to Special Issue No. 2 and to render judgment in favor of appellees.

■ In his first four points on appeal appellant asserts that there was some evidence and sufficient evidence to support the jury's answer to Special Issue No. 2, therefore it was error for the court to disregard said answer and to render judgment for appellees.

We do not agree with appellant. We find no evidence in the record to uphold the jury's finding that appellant did not know or realize and should not have known and realized that the swimming pool involved an unreasonable risk of death or serious bodily harm to children.

Appellant himself testified that he knew there were many children in the neighborhood, that his swimming pool was attractive to children and it was dangerous to all children. He admitted that he did not have a self-closing device on the gate in question and that for a small sum of money, at the most sixty dollars, he could have equipped the gate with a self-closing device. On at least one occasion he had found children in his back yard and had made them leave the premises.

Appellant, a builder, further testified that he had stored various kinds of building equipment on what was at one time a vacant lot which he owned next door to his house. On various occasions he had found neighborhood children playing on the equipment and had made them leave.

Other witnesses testified to the attractiveness and dangerous character of the pool for children. They also testified that on the day of the tragedy there were a number of toys in the pool area, some in the water and some in chairs, which were visible from the gate when open. Appellant's first four points are overruled.

■ In his next six points on appeal appellant says that the jury's findings of contributory negligence on the part of the child's mother and proximate cause in connection therewith, precluded recovery by appellees in this case.

As we have stated earlier in this opinion, the contributory negligence of the parent or parents bars a recovery by the parents for their damages in a suit brought by them for the death of their child under Art. 4671, V.A.C.S. But does the contributory negligence of the parents also bar a recovery of damages for funeral and burial expenses and for the pain and mental anguish of the deceased when the suit is brought in behalf of the estate of the deceased pursuant to Art. 5525, V.A.C.S. by the parents as the only heirs of the deceased? We have concluded that the question must be answered in favor of the parents as heirs.

An administration of the estate of the child has not been necessary. Appellees are the only heirs of the child. Ordinarily the administrator or the heirs of a person who has sustained injuries resulting in death may recover damages in behalf of the estate of the deceased if the deceased himself could have recovered damages had he survived. Funeral and burial expenses are recoverable by the administrator or heirs in such suit. Landers v. B. F. Goodrich Co., Tex., 369 S.W.2d 33. So are damages for physical pain and mental anguish endured by deceased preceding his death.

Appellees in answer to appellant's contention point out that the negligence of the parents will not be imputed to a minor child in a suit by the child for injuries sustained by the child. Therefore, reason appellees, the negligence of the parents cannot defeat a recovery of damages by the child's estate in a suit brought after the death of the child by the heirs.

Subsection (d) of Section 41 of the Texas Probate Code, V.A.S.S., contains two provisions which we shall discuss: (1) No conviction shall work corruption of blood or forfeiture except in the case of a beneficiary in a life insurance policy or contract who is convicted and sentenced as a principal or accomplice in willfully bringing about the death of the insured (see also Constitution of Texas, Art. 1, Sec. 21, Vernon's Ann.St.); and (2) "nor shall there be any forfeiture by reason of death by casualty."

Early decisions construed the constitutional provision and the statute literally and held that a willful murderer who was an heir of his victim, did not forfeit his right but would inherit his part of the property of the deceased. Hill v. Noland, Tex.Civ. App., 149 S.W. 288; Murchison v. Murchison, Tex.Civ.App., 203 S.W. 423. However, later decisions hold that without contravening or circumventing the constitutional and statutory provisions a way is provided through equity to compel a mur-derer to surrender the profits of his crime and thus prevent his unjust enrichment. This result is accomplished by imposing a constructive trust on the murderer's portion of the inheritance in favor of the heirs other than the murderer. Parks v. Dumas, Tex.Civ.App., 321 S.W.2d 653; Pritchett v. Henry, Tex.Civ.App., 287 S. W.2d 546. Our Supreme Court in discussing Hill v. Noland, supra, impliedly approved the constructive trust principle. Greer v. Franklin Life Ins. Co., 148 Tex. 166, 221 S.W.2d 857, 859. See also Pope v. Garrett, 147 Tex. 18, 211 S.W.2d 559, 561. We agree with the statement of Judge Renfro of the Fort Worth Court of Civil Appeals in the Parks case when he said, "Certainly the statutes should not be used as a vehicle to acquire property through parenticide." Such a use would be contrary to public policy.

But we have concluded that the constructive trust doctrine should not be applied in a case coming within the provisions of Subsection (d) of Article 41 of the Probate Code above quoted, which says that there shall be no forfeiture by reason of death by casualty. To hold otherwise would be to say that the Legislature intended in effect to disinherit an unfortunate heir, innocent of intent to kill, whose contributory negligence has been found to be a proximate cause of the death of a person toward whom he occupied the status of an heir.

It is common knowledge that amidst the multitude of hazards which modern living conditions have thrust upon us many accidents occur due to the inadvertent oversight or negligence of father, son, mother, daughter, grandparents, grandchildren or others. We certainly do not view negligence lightly, but it is not to be included in the same category as murder and other intentional acts where moral turpitude revolts us. It would require a miracle man, indeed, to live long in this day and age without having at one time or another committed an act of negligence. And he might

well consider himself lucky if his negligence did not result in a fatality.

We know of no Texas case in point, but there are many cases arising in other jurisdictions which are in point. These jurisdictions have statutes similar to our Death Statute and our Survival Statute. The cases hold that a negligent parent, spouse, child, etc. cannot recover under a death statute if his negligence caused or contributed to cause the death; but that he can recover as heir under a survival statute. Several of these cases are listed in a footnote hereto.* Appellant's fifth, sixth, seventh, eighth, ninth and tenth points are overruled.

■■■ In his eleventh, twelfth, thirteenth and fourteenth points appellant assails the verdict awarding $5,000 for physical pain and mental anguish suffered by the child. Appellant contends that there is no evidence or there is insufficient evidence to support a finding that the child suffered physical pain and mental anguish between the time he fell into the pool and the time he lost consciousness; and that the award is excessive.

Dr. Gilbert, who arrived on the scene within a few minutes after the child was lifted from the pool, examined the child.

It was his opinion that the child died of drowning after struggling for two or three minutes before losing consciousness. During said two or three minutes the child probably endured physical pain and mental anguish. The doctor saw no bruises or marks on the child which might indicate that the child may have fallen against a hard object and become unconscious before becoming immersed in the water. We do not consider that the award of $5,000 is excessive. Appellant's eleventh, twelfth, thirteenth and fourteenth points are overruled.

■■■ In his fifteenth, sixteenth and seventeenth points appellant says that there was no evidence, or there was insufficient evidence, to support the jury's answer to Special Issue No. 6 to the effect that appellant's failure to keep self-closing and self-latching devices on the gate in question was a proximate cause of the death of the child.

We see no merit in these points. The evidence is undisputed that the gate was open with the child's tricycle standing in the opening shortly prior to the recovery of the body from the pool. It is undisputed that appellant did not have a self-closing device on the gate, though a City ordinance

* Fisher v. Dye, 386 Pa. 141, 125 A.2d 472. Fact that husband's negligence contributed to wife's death did not bar recovery under survival statute, though husband was sole heir.

Davis v. Margolis, 108 Conn. 645, 144 A. 665. Recovery under survival statute allowed for all heirs, including father and son, though their negligence was sole cause of injury resulting in death.

Carney v. Concord St. Ry. Co., 72 N.H. 364, 57 A. 218. Negligence of parents not being imputable to child there was no question of contributory negligence in case under survival statute.

McCann v. City of Detroit, 234 Mich. 268, 207 N.W. 923. Under survival statute contributory negligence of parents not imputable to child so they may recover as heirs, but they could not recover under death statute.

Kuehn v. Jenkins, 251 Iowa 718, 100 N.W.2d 610. Under survival statute contributory negligence of beneficiary is not a defense.

Nashville Lbr. Co. v. Busbee, 100 Ark. 76, 139 S.W. 301, 38 L.R.A.,N.S., 754. Fact that father was sole beneficiary did not render his contributory negligence a defense to an action by him as administrator to recover damages for son's suffering from injuries resulting in death.

Wymore v. Mahaska County, 78 Iowa 396, 43 N.W. 264, 6 L.R.A. 545. Contributory negligence of beneficiary bars recovery under death statute, but not under survival statute.

Potter v. Potter, 224 Wis. 251, 272 N.W. 34. Husband could recover under survival statute though his negligence was one of causes of his wife's death.

Burns v. Goldberg, 3 Cir., 210 F.2d 646. Under survival statute husband's negligence did not bar recovery, though part of estate would go to husband.

was in effect requiring both self-closing devices and self-latching devices on gates which gave access to private swimming pools. The fence was six feet tall—much too tall for a child of three years and eight months to climb over. It is not seriously questioned by appellant that the child gained access to the pool through the open gate. The latch was toward the top on the inside of the gate, which is six feet in height. Had the gate been closed and latched it is inconceivable that the child could have reached over the top of the gate to the inside latch. Appellant's last three points are overruled.

The judgment of the trial court is affirmed.