CENTENNIAL ROYALTY COMPANY, Appellant,

v.

BYRD & FOSTER DRILLING, INC., Appellee.

No. 6161.

Court of Civil Appeals of Texas, El Paso.

Feb. 3, 1971.

Carrington, Coleman, Sloman, Johnson & Blumenthal, James A. Ellis, Jr., Dallas, for appellant.

Turpin, Smith, Dyer, Hardie & Harman, Joseph Connally, Odessa, for appellee.

OPINION

RAMSEY, Chief Justice.

This is a venue case. Byrd & Foster Drilling, Inc., as plaintiff, filed suit in Ector County against M. Ray Hart and Centennial Royalty Company, as defendants. Defendant Centennial Royalty Company filed a plea of privilege which was overruled after a non-jury trial. No pleadings were included in the record in so far as the defendant M. Ray Hart is concerned. Plaintiff relied solely on subdivision 5 of Vernon's Annotated Civil Statutes, Article 1995. We hold that plaintiff established venue facts under that sub division, and affirm. The parties will be designated as they were in the trial court.

The petition and controverted plea allege that the defendants entered into a drilling contract whereby the defendants were to pay to the plaintiff certain stipulated sums for services to be rendered. The instrument was signed by plaintiff and accepted by defendant Centennial Royalty Company, as Owner, acting by and through Don P. Woody, its President, on June 19, 1969. Attached to the agreement was an exhibit, marked "Exhibit A", setting forth the specifications and special provisions, which exhibit provided a space for initialing by the Owner and the Contractor. The initials "BF" appear "For Contractor", and the initials "DPW" appear "For Own-

er". The agreement itself described M. Ray Hart and Centennial Royalty Company as "Owner", but the agreement was not signed by M. Ray Hart. The agreement provided for payment to be made at plaintiff's address, which was shown as P.O. Box 1866, Odessa, Texas. On June 19, 1969 defendant returned the agreement to the plaintiff with a transmittal letter signed by Mr. Woody advising that he had asked Mr. Hart to have his banker mail plaintiff a letter stating that Hart would pay one-half of the cost, and advising that this defendant would pay one-half of the cost the day the well was logged, if this was satisfactory with the plaintiff. Plaintiff commenced the work on June 20, 1969 and the defendant paid one-half of the plaintiff's invoice with its check dated August 7, 1969.

Defendant has assigned two points of error, i. e.:

(1) There was no evidence of a binding written contract since the agreement was not also signed by Hart; and,

(2) The action filed by plaintiff shows as a matter of law that the suit was on a sworn account rather than on a contract in writing.

The only testimony adduced at the time of the hearing was the testimony of Barney Foster, President of the plaintiff. He acknowledged receiving the check for one-half of the invoice, but denied any agreement that such was accepted as full payment of the obligation of the defendant.

In order to establish a case within the provisions of subdivision 5 of Article 1995, the plaintiff must plead and prove that the defendant entered into a valid contract, in writing, performable in a particular county or a definite place therein. The agreement in question was prepared by the plaintiff and, according to Barney Foster, its President, this agreement was forwarded to the defendant Centennial Royalty Company at its request. Thereafter, the executed agreement was returned to the plaintiff, having been accepted

in writing by the defendant as "Owner". In addition, the Exhibit A, above referred to, was initialed by defendant's President as being approved as correct "For Owner". It becomes apparent that both parties entered into a written agreement and each undertook performance thereunder. Defendant contends that the agreement, which was described as a bid proposal and contract, provided in its final paragraph the following language:

"This instrument shall not become a binding contract until Owner has noted its acceptance * * *",

and that, by reason of the fact that M. Ray Hart was also designated as an owner, the failure of Hart to also execute the agreement prevented it from becoming a valid contract in writing for venue purposes. We cannot agree with the contention of the defendant. It is our opinion, and we so hold, that the agreement above described became a valid contract in writing sufficient to sustain venue in Ector County. This is consistent with the holdings of the Supreme Court establishing the basic requisites of offer and acceptance in the formation of a contract, as stated in Simmons and Simmons Construction Co. v. Rea, 286 S.W.2d 415 (Tex.Sup.Ct.1955), in citing Corbin on Contracts, Volume 1, §§ 31 and 32:

" 'If a written draft of an agreement is prepared, submitted to both parties, and each of them expresses his unconditional assent thereto, there is a written contract.' "

This same citation appears and is approved in Travelers Insurance Co. v. Chicago Bridge & Iron Co., 442 S.W.2d 888 (Tex. Civ.App. ref. n. r. e.).

Defendant further contends that the obtaining of the signature of Hart was a condition precedent to the forming of a valid written contract. In support of this contention, defendant cites the cases styled Ives v. Urban, 385 S.W.2d 608 (Tex.Civ. App. ref. n. r. e.); Camp v. Screen Broadcasts, 118 S.W.2d 398 (Tex.Civ.App.

n. w. h.), and Toland v. Kaliff, 435 S.W.2d 260 (Tex.Civ.App. n. w. h.). These cases are clearly distinguishable in that in the Ives case, the court found that the agreement was forwarded with the express understanding that it would be executed by the owner, which never occurred. In the Camp case, the order was to become binding only when accepted by the home office of the appellant, and such acceptance was never shown. In the Toland case the agreement itself provided that it was subject to an engineering inspection and approval, which inspection resulted in disapproval. Such a condition as the defendant contends was necessary, namely, the signature of M. Ray Hart, was not expressed in the letter of transmittal, and both parties undertook the performance of the agreement and contract as it was prepared, executed and delivered. We hold that as between the parties to this appeal, the signature of Hart was not a condition precedent. The term "condition" is defined generally in 13 Tex.Jur.2d § 150, pages 332, 333 and 334, in the following language:

"The term 'condition' denotes a future and uncertain event on the happening of which the existence of an obligation is made to depend. In other words, a 'condition' subordinates liability under a contract to the occurrence of an uncertain event in the future. * * *

"Whether a provision is a condition or not depends on the intent of the parties as shown by the language together with the circumstances surrounding the parties when the contract was made. * * * "

■ Defendant's second point of error is based on plaintiff's pleadings, complaining that the plaintiff's petition was based on sworn account rather than an action based on a contract in writing. We find no merit in this contention. Plaintiff's petition embodies the contract itself, and the petition so alleges and incorporates a copy as an exhibit, and recites that it is incorporated therein and made a part of the petition for all purposes. The petition itself was likewise incorporated in plaintiff's controverting affidavit. We hold that the pleadings are proper under Rules 47, 48, 49, 59 and 86, Texas Rules of Civil Procedure, and such pleadings suffice to comply with the exception of the venue statute permitting the cause of action to be filed and maintained in Ector County, Texas. Shelton v. Poynor, 326 S.W.2d 583 (Tex.Civ.App. dismissed).

■ Defendant also contends that the inclusion of attorney's fees in plaintiff's petition under Article 2226, Vernon's Annotated Texas Statutes, and allegations regarding value of services and affidavit as to the correctness of the account, creates an inconsistency which governs the plaintiff's cause of action and which changes its nature from a suit on a written contract to one for services rendered. Inconsistencies in pleadings are permitted by Rule 48, Texas Rules of Civil Procedure, and have been so held by the courts. Texas Employers' Insurance Association v. Talmadge, 256 S.W.2d 945 (Tex.Civ.App. ref. n. r. e.), and Atkinson v. Thompson, 311 S.W.2d 250 (Tex.Civ.App. ref. n. r. e.). At this time we are not confronted with the determination of the ultimate liability, if any, of the parties, but are concerned only with the sufficiency of the pleadings and proof relative to the venue action. We hold the pleadings and proof to be sufficient for this purpose.

For the foregoing reasons, we overrule defendant's points of error and affirm the judgment of the trial court.