**FOLSOM INVESTMENTS, INC. & Sabre Realty, Inc., Appellants,**

v.

**Steve TROUTZ & Laurie Troutz, Appellees.**

No. 18636.

Court of Appeals of Texas, Fort Worth.

April 22, 1982.

Rehearing Denied May 27, 1982.

Geary, Stahl & Spencer and Joseph W. Geary, Dallas, for appellants.

John T. Chidgey, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

MASSEY, Chief Justice.

Steve and Laurie Troutz brought suit against defendants Folsom Investments, Inc. & Sabre Realty, Inc. to recover damages resulting from the death of their child, Steven Jacob Troutz. Plaintiffs moved for judgment by default when the defendants, although duly served, failed to answer or appear. Following an evidentiary hearing on the issue of plaintiffs' unliquidated damages, the trial court rendered a default judgment against the defendants in the amount of $190,779.80, said sum representing actual and exemplary damages. The trial court overruled the defendants' timely Motion for New Trial, and they appealed.

Affirmed in part and reversed and remanded in part.

Folsom Investments, Inc. is the owner of a large apartment community known as Sotogrande, located in the cities of Hurst and Euless, Tarrant County, Texas. Sabre Realty, Inc. manages the property as agent for the owner.

In October, 1980, Steve and Laurie Troutz resided in apartment # 176 of the Barcelona Apartments, one of many smaller complexes comprising the Sotogrande addition. The Troutz apartment was located directly adjacent to two swimming pools situated on the common boundary of Hurst and Euless; in fact, the Troutz apartment's windows opened directly onto the swimming area. Living with the Troutzes was their 21 month-old son Jacob who, on October 3, 1980, fell into the shallower of the two pools and suffered injuries which resulted in his death on October 9th, 1980.

On February 25, 1981, the Troutzes filed suit against both Folsom Investments and Sabre Realty. Negligence, gross negligence and strict premises liability were the asserted bases of liability; by these theories, plaintiffs asserted entitlement to actual and exemplary damages under the Texas Death Act[1] and the Texas Survival Act[2]. The relief prayed for amounted to $840,779.80.

Both Folsom Investments and Sabre Realty employed one Marie Garrison as vice-president and registered agent for the receipt of service of process. On March 11, 1981, Sabre Realty, through Garrison, was served with a citation and a copy of the plaintiffs' petition; Folsom Investments, through Garrison, its agent for the same purpose, was likewise duly served one week later on March 18, 1981. Upon receipt of the first citation, Garrison forwarded same to Duane Nutt, Department Head of Sabre Management, a division of Sabre Realty, Inc. Garrison also attached and forwarded a memorandum to Nutt which stated "[T]his is probably already in the hands of our attorney and insurance company, but we were just served this citation today . . ."

No answer to the plaintiffs' petition was filed by either defendant. On May 8, 1981, the trial court, following the presentation of evidence of the plaintiffs' damages, rendered judgment by default against Folsom

---

1. Tex.Rev.Civ.Stat.Ann. art. 4671, "(Injuries Resulting in Death)—Cause of action", *et seq.* (1940)

2. Tex.Rev.Civ.Stat.Ann. art. 5525, "Survival of cause of action". (1958)

Investments and Sabre Realty. Included in the $190,779.80 judgment was $11,564.80 for medical expenses, $4,215.00 for funeral expenses, $25,000.00 for pecuniary loss to the parents and $150,000.00 in exemplary damages.

On June 1, 1981, the defendants moved in the trial court to set aside the default judgment and for new trial. No testimony was presented to the trial court; instead, the defendants tendered affidavits, letters, memoranda, and other documents as proof of the requirements for relief from default judgments by way of Motion for New Trial.

The trial court denied the defendants' motion and, upon request, filed Findings of Fact and Conclusions of Law regarding its actions in denying said motion. The court found as fact that the defendants, though served on two different occasions, simply ignored the citations, and failed to timely answer. The court concluded that the defendants had not shown that their failure to answer the suit was not the result of willfulness or conscious indifference on their part.

In their first point of error the defendants complain that the trial court erred in refusing to set aside the default judgment because their Motion for New Trial, as well as the evidence submitted in support thereof, established the requirements for relief from default under the rules of *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939).

■ The first element of the *Craddock* test requires a defaulting defendant to prove that its failure to answer was not intentional or the result of conscious indifference on its part, but was due to accident or mistake. Some slight excuse is the test, but only if the failure to file an answer was unintentional or not the result of conscious indifference. See *Dorsey v. Aquirre*, 552 S.W.2d 576, 577 (Tex.Civ.App.—Waco 1977, writ ref'd n. r. e.).

■ Basically, defendants' contention is: an excuse was alleged, so therefore there could be no finding of intent or conscious indifference on their part. The test is not so simple. Firstly, the decision to grant or deny a new trial is one within the province of the trial court, subject to review by this court for abuse of discretion. Secondly, the trial court findings of fact and conclusions of law are in direct conflict with appellants' contentions. Finally, an appellate court will not substitute its opinion for that of the trial court when there is evidentiary support for a trial court's conclusion, in this case that Folsom Investments and Sabre Realty were consciously indifferent to the citation and petition served upon them.

■ The following facts constitute some evidence tending to support the trial court's conclusion of intent and conscious indifference on the part of defendants. One of them, the owner, and the other, managing agent of a large apartment community, employed the same agent for service of process. This agent received citations and copies of the petition on two different occasions. The agent then sent the papers thus served to another senior officer, along with a cover memorandum which provided that a carbon copy was to be forwarded to Robert Folsom, the sole shareholder of both appellant corporations. The trial court was entitled to believe that three different persons, all with presumably high degrees of responsibility, had received notice of the Troutzes' suit and consciously neglected to file answers.

Defendants, in their motion for new trial, attacked the preceding factual background with two affidavits and one letter which they contend was sufficient evidence of excuse to preponderate against the finding by the trial court. The affidavit of Marie Garrison states that she presumed something was being done by the defendants' insurance company and attorneys. The affidavit of Duane Nutt similarly attempts to provide some explanation for appellants' inaction; Nutt also presumed something was being done in regard to defending a lawsuit in which claimants were making a substantial prayer for relief. Finally, in support of both affidavits defendants offered a letter from Ben Gomez, (agent of appellants' insurance carrier) which was sent to an attorney employed by the Troutzes. This letter, dated almost two months prior to the date

suit was filed, states that the insurer had completed its investigation of the incident and that "should you be willing to discuss this matter further, you may contact us . . .".

After proper service on a registered agent on two different occasions, only at his peril could a defaulting defendant be indifferent to notice duly provided. He could not be entitled to reversal of a discretionary act on the part of a trial court in refusing to find absence of intent to disregard such service. *Justice Life Insurance Company v. Walker*, 508 S.W.2d 434, 437 (Tex.Civ.App. —Fort Worth 1974, writ ref'd n. r. e.). Conclusory allegations of no intent or conscious indifference do not suffice, nor do unbelievable and internally inconsistent excuses meet the burden of proof. See *Munson v. State*, 576 S.W.2d 440, 442 (Tex.Civ. App.—Austin 1978, writ ref'd n. r. e.). If the bare assumption that an insurer "probably already" has notice of a suit were to be held any excuse at all, then every lawsuit would require two trials. *Harris v. Lebow*, 363 S.W.2d 184, 186 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.). (Similar to case at bar, held: no abuse of discretion to overrule Motion for New Trial). Appellants' first point of error is overruled.

Defendants complain of the failure of the trial court to make findings regarding the issue of their meritorious defenses. We hold that they did prove *prima facie* defenses to the action against them which, taken as true, would produce a different result. See *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966). Furthermore, we preface our limited discussion of appellants' defenses by construing the term "different result" to mean any different result and not a totally opposite result. For example, in this case, any defense to a portion of appellees' damages might produce the different result of a lesser amount of damages. The opposite result of total non-liability need not be proved. See *Gardner v. Jones*, 570 S.W.2d 198, 201 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

Folsom Investments, Inc., through the affidavit of Robert S. Folsom, proved *prima facie* that the corporation's non-ownership of the Sotogrande addition (ownership al-legedly being in Mr. Folsom in his individual capacity) would *a fortiori* mean Folsom Investments, Inc. could not be liable for acts or omissions occurring on premises it did not own. Although controverting evidence was presented by the Troutzes in this regard, the law does not allow such evidence to vitiate a meritorious defense otherwise properly set up. See *Cragin v. Henderson County Oil Development Co.*, 280 S.W. 554, 555 (Tex.Comm'n.App.1926, opinion adopted); *Vela v. Sharp*, 395 S.W.2d 66, 68 (Tex.Civ.App.—San Antonio 1965, writ ref'd n. r. e.). Taken as true, the affidavit provides Folsom Investments, Inc. with a defense.

Sabre Realty, in its Motion and evidence offered in support has alleged facts which, if taken as true, provide it with the meritorious defense of contributory negligence. This defense was permitted in a Motion for New Trial context in *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex.1972).

The Troutzes concede that contributory negligence of parents bars their recovery in an action brought for the wrongful death of their child under Tex.Rev.Civ.Stat.Ann. art. 4671, "(Injuries Resulting in Death)—Cause of action". See *Mitchell v. Akers*, 401 S.W.2d 907, 910 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e.). The same is not true in an action brought for the damages of the deceased which survived to his estate under art. 5525. (*See id.* at 910). The Troutzes, seeking to refine the rule of *Mitchell v. Akers*, cite the case of *Schwing v. Bluebonnet Express, Inc.*, 489 S.W.2d 279 (Tex. 1973), wherein the Texas Supreme Court held the contributory negligence of one beneficiary will not bar a recovery by other non-negligent beneficiaries in an action brought under art. 4671. (*Id.* at 281). However, in this case, since the recovery for the death of a child would not be property which came into the marriage by gift, bequest, or devise, any recovery would be community property and not the separate property of either of the spouses. The community property defense, which does not allow one spouse to profit by his or her own wrong, would still be a viable defense. See *Mitchell v. Akers, supra*, at 910; *Missouri-*

*Kansas-Texas R. Co. v. Hamilton,* 314 S.W.2d 114 (Tex.Civ.App.—Dallas 1958, writ ref'd. n. r. e.). Had there been beneficiaries other than parents, it might be that the case could be brought within the rule of *Schwing v. Bluebonnet Express.* The most which might be said is that Sabre Realty has shown that it had a meritorious defense that would have produced a substantial reduction in the amount of damages awarded against it if there was sufficient excuse for its failing to answer. (Of course, contributory negligence is no longer a total bar to recovery under our comparative negligence statute, Tex.Rev.Civ.Stat.Ann. art. 2212a, "Comparative negligence; contribution among joint tort-feasors".)

It is contended that, in the event we hold either or both defendants to have raised meritorious defenses to the cause of action based in negligence that, nevertheless, they had failed to raise such a defense to the cause of action in strict liability. We reject this contention. The Troutzes did not plead facts which would have given fair notice of their strict liability claim. The petition presents mere legal conclusions of abnormally dangerous condition. There was no waiver of defects in the plaintiffs' petition and the defendants did not admit to strict liability by their default. *Stoner v. Thompson,* 578 S.W.2d 679, 685 (Tex.1979).

The concluding points of error raised by defendants concern the proof of damages made by the Troutzes at the writ of inquiry. Tex.R.Civ.P. 243, "Unliquidated Demands", provides for proof of unliquidated damages to the trial court or to a jury following default.

Defendants attack specifically the award of medical, funeral, pecuniary loss and exemplary damages. They contend the Troutzes did not prove their damages by the same rules of evidence or by the same degree of proof as is required for damages which are contested. See *Maywald Trailer Co. v. Perry,* 238 S.W.2d 826, 827 (Tex.Civ. App.—Galveston 1951, writ ref'd n. r. e.).

■ We hold there was no proof of the reasonableness of the medical expenses incurred by appellees and that reversible error has resulted. See *Dallas Railway &*
*Terminal Company v. Gossett,* 156 Tex. 252, 294 S.W.2d 377, 383 (1956); 12 A.L.R.3d 1347, 1358 (1967). Annot., "*Necessity and Sufficiency, in Personal Injury or Death Action, of Evidence as to Reasonableness of Amount Charged or Paid for Accrued Medical, Nursing, or Hospital Expenses.*"

■ At the damages hearing before the trial court, the only evidence offered concerning the funeral expenses was the fact of payment. Proof was likewise deficient on the issue of whether or not the burial expenses incurred were reasonable. *Landers v. B. F. Goodrich Company,* 369 S.W.2d 33, 35 (Tex.1963); *Rhoden v. Booth,* 344 S.W.2d 481, 488 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.). It is error to award damages of either type when there is absence of evidence that amounts charged or paid were reasonable.

■ The next item of damages attacked by defendants concern the $25,000.00 awarded the Troutzes for pecuniary loss resulting from the loss of their child. Their only evidence was where their attorney stated "Judge, at this time I would like for the court to take cognizance of the Standard Mortality Tables, Vital Statistics of the United States, which shows that the life expectancy of a child two years old, white male, would be sixty-eight point two years of age." This does not suffice. There was no proof of any pecuniary loss by way of evidence tending to show the value of the child's services until he reached his majority, nor was there proof of expenses of raising the child that would be incurred and which would be deducted from the value of the services. *Bedgood v. Madalin,* 600 S.W.2d 773, 776 (Tex.1980).

The trial court awarded $150,000.00 in exemplary damages. Defendants contend, in six points of error, that the Troutzes are not members of a class of claimants entitled to exemplary damages; that their acts and omissions listed in the petition do not constitute gross negligence as a matter of law; that there was no evidence, insufficient evidence or no legally competent evidence of gross negligence; and that the award of $150,000.00 was excessive.

The Troutzes brought a combined survival and wrongful death action. On default judgment they would be entitled to recover exemplary damages under the Survival Act. (art. 5525). *Houston-American Life Insurance Co. v. Tate*, 358 S.W.2d 645, 649 (Tex. Civ.App.—Waco 1962, no writ).

■ There were some ten acts and omissions of negligence which would be deemed admitted by defendants by their default. The existence of gross negligence may result from a combination of negligent acts or omissions. *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex.1981). There was no requirement to prove defendants' liability for gross negligence when default judgment was taken. Defendants' admissions by default precludes the assignment of evidentiary points of error. For purposes of remand, which will be discussed, appellants are deemed grossly negligent.

By our reversal for want of proof on actual damages there must be retrial of the exemplary damages as well.

The final issue for this court's determination is that of disposition upon remand. We have held defendants not to be entitled to a new trial on the liability question because no abuse of discretion was shown in denial of new trial. Aside therefrom, however, would be the issues on damages. These were not proven sufficiently. Tex.R. Civ.P. 434, Texas' "harmless error rule" provides in part that:

> "if it appear to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error, *provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested.*" (emphasis supplied)

The emphasized phrase is the result of a 1975 amendment to the rules of procedure.

We reverse and remand for a trial on the issue of damages only. The adjudication which established liability of the defendants is affirmed.