NO. 07-09-0184-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

MAY 19, 2010

______________________________

 

AIM-EX INDUSTRY, INC., 

 

                                                                                                            Appellant

 

v.

 

JASON SLOVER AND STEPHANIE SLOVER, Individually 

                                                and as Next Friends of L.S., Minor Child, 

 

                                                                                                            Appellees

_______________________________

 

FROM THE 72nd DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2007-539,883; HON. RUBEN REYES, PRESIDING

_______________________________

 

Memorandum
Opinion

_______________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Aim-Ex
Industry, Inc. (Aim-Ex) appeals from a default judgment entered against it in
favor of Jason and Stephanie Slover, individually and as next friends of their
son L.S., a minor (the Slovers).  Aim-Ex
contends that the trial court erred in entering the default judgment and
denying its motion for new trial since 1) it met the requirements of Craddock
v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939), 2) the
Slovers failed to present evidence of a specific manufacturing defect, 3) no
evidence supported the award of punitive damages, 4) no evidence supported the
award of future damages, and 5) the award of damages for past medical expenses
should have been adjusted for any discount received by the Slovers.  We affirm in part and reverse and remand in
part. 

            Background

            On July 3, 2007, the Slovers filed a
lawsuit seeking damages for personal injuries received by their seven-year-old
son while driving an all terrain vehicle (ATV) manufactured in China.  They did not originally name Aim-Ex as a
defendant but amended their petition on February 11, 2008, to do so.  The defendant was a foreign corporation and
service was perfected on it via the Texas Secretary of State on March 4, 2008.  A copy of the same was then forwarded by
certified mail on March 11, 2008, to Aim-Ex at its California address.  A return receipt “bearing the Signature of
Addressee’s Agent” was received by the Secretary of State on March 13, 2008.  

            Approximately
a year later, that is, on March 4, 2009, the Slovers moved for default judgment
against Aim-Ex because it had yet to file an answer or otherwise appear.  That judgment was entered on March 13, 2009,
after which Aim-Ex timely moved for a new trial.  The trial court denied the latter.

             Issue 1 - Denial of Motion for New Trial

            Initially, Aim-Ex asserts that the
trial court erred in denying its motion for new trial because it satisfied the
requirements established in Craddock v.
Sunshine Bus Lines, Inc.  We disagree
and overrule the point.  

            Per
Craddock, one seeking to overturn a
default judgment due to his failure to appear or answer must illustrate that 1)
such failure was neither intentional nor the result of conscious indifference
but rather arose from accident or mistake, 2) he has a meritorious defense, and
3) granting the motion would cause neither delay nor injury to the
plaintiff.  Dolgencorp of Texas, Inc.
v. Lerma, 288 S.W.3d 922, 925 (Tex. 2009) (discussing the requirements of Craddock
v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939)).  Moreover, in determining whether one acted
intentionally or with conscious indifference, we examine the knowledge and acts
of the party who failed to appear.  In
re K.A.R., 171 S.W.3d 705, 717 (Tex. App.–Houston [14th Dist.]
2005, no pet.).  And, included within
that scope are the acts of both the actual party and its agent; in other words,
it must be shown that both the party and its agent, if any, are free of
conscious indifference.  Estate of
Pollack v. McMurrey, 858 S.W.2d 388, 391 (Tex. 1993).  Finally, the excuse proffered need not be a
good one so long as it evinces something other than intentional or consciously
indifferent conduct.  Jaco
v. Rivera, 278 S.W.3d 867, 872 (Tex. App.–Houston [14th
Dist.] 2009, no pet.).  

            At bar, Aim-Ex
contends that it did not appear or answer because opposing counsel failed to
inform it that citation had been served despite its inquiries into the matter.  Because it failed to appear at the hearing on
its motion for new trial, the only evidence allegedly supporting the contention
appears in the affidavit proffered with its motion.  Therein, the affiant explains that he is an
associate in the law firm of Aim-Ex’ counsel and that he was instructed, on January
16, 2009, to call the Slovers’ counsel to determine if service had been
effected upon Aim-Ex.  By that time,
service had already been perfected for about ten months.  He further explained that opposing counsel
failed to respond to his messages, that he called the district clerk to see if
a return of service had been filed, that the clerk said it had not, that he
drafted and mailed a letter to the Slovers’ counsel asking that he be notified
when service was effectuated, and that opposing counsel again did not notify
him.  Instead, Aim-Ex notified its
counsel in the latter part of March 2009 that a default judgment had been
entered.  Missing from this utterance,
and the entire record for that matter, is evidence illustrating what, if anything,
Aim-Ex did during the twelve months between service and entry of the default
judgment.  Nothing explains why Aim-Ex
never informed its attorney about receiving citation.  Nothing explains whether that company lost
the citation, misplaced it, attempted to forward it to its counsel, or simply
disregarded it.  

            Nor does Aim-Ex
contend that service upon the Secretary of State was improper, question the
accuracy of the address to which notice was sent, posit that the person who
signed the return receipt was not its agent, or suggest that it did not receive
the notice.  See Munoz v. Rivera,
225 S.W.3d 23, 28 (Tex. App.–El Paso 2005, no pet.) (holding the defendant
failed to establish he did not receive notice of the trial setting when the
record showed the notice was sent and received).  Again, the nature of the mistake that caused
the default must be explained.  Sheraton
Homes, Inc. v. Shipley, 137 S.W.3d 379, 381 (Tex. App.–Dallas 2004, no
pet.).  And, because the evidence of
record omits reference to the conduct of Aim-Ex (as opposed to its attorneys),
it failed to meet its burden.  See
Scenic Mountain Medical Center v. Castillo, 162 S.W.3d 587, 590 (Tex. App.–El
Paso 2005, no pet.) (finding that the defendant did not meet its burden when
the witness established that she did not know the reason for the failure to
file an answer by the corporate office and testified that she did not know if
the failure was the result of intentional or consciously indifferent
conduct).        

            Issue 2 -
Evidence of a Defect

            Next, Aim-Ex asserts there was no
evidence of a manufacturing defect in the ATV that would support liability.  We overrule the issue.

            A “no
answer” default judgment admits all of the facts properly pled in a petition
except unliquidated damages.[1] 
Dolgencorp of Texas, Inc. v. Lerma, 288 S.W.3d at 930.  One of those facts being the existence of a
defect, it too was admitted.  Therefore,
Aim-Ex may not challenge on appeal that aspect of liability.  Fleming Mfg. Co. v. Capitol Brick, Inc., 734
S.W.2d 405, 408 (Tex. App.–Austin 1987, writ ref’d n.r.e.).   

            Issue 3 -
Punitive Damages

            Aim-Ex also challenges the award of
punitive damages because it contends that there was no evidence of gross
negligence on its part.  We overrule the issue
for the default judgment relieved the Slovers from establishing their
opponent’s gross negligence.  That is,
gross negligence was effectively admitted due to the default; so, the Slovers did
not have to proffer evidence of it.  Folsom Inv., Inc. v. Troutz, 632 S.W.2d
872, 877 (Tex. App.–Fort Worth 1982, writ ref’d n.r.e.).  This is not to say that the amount of
punitive damages awarded should go unaffected. 
Reversing the trial court’s award of actual damages could result in the
reversal of the exemplary damage award.  Id. (wherein the sum allotted for
punitive damages was reversed because a new trial was required on the issue of
actual damages).  Indeed, because the
ratio between the amount of actual and punitive damages awarded is an indicia
to consider in assessing the validity of the punitive sum, In re Bradle, 83 S.W.3d 923, 928 (Tex. App.–Austin 2002, no pet.),
it seems only appropriate to have the quantum retried if actual damages are to
be retried.  

            Issue 4 -
Future Damages

            The award of actual damages is also
contested by Aim-Ex.  We sustain the
issue in part.

            The trial
court awarded the sum of $1,300,000 as total damages.  That sum appears to be comprised of
approximately $300,000 for past medical expense, $350,000 in other non-itemized
damages, and $650,000 in punitive damages. 
Whether this is actually true is unknown since no findings were entered
on the matter.  Nor were the components
of the $1,300,000 itemized in the judgment. 
Furthermore, the total could have consisted of payment for past and future
medical expense, past and future pain and mental anguish, past and future wage
loss, past and future physical disfigurement, and punitive damages since all
were sought via the live pleading.  And,
therein lies the problem because while there is some evidence supporting the
award of damages for certain of those losses, there was no evidence supporting
the award to recompense at least one loss, i.e.
future medical expense.  

            A
plaintiff has the burden of showing a reasonable probability that medical
expenses will be incurred in the future. 
Sanmina-SCI Corp. v. Ogburn, 153 S.W.3d 639, 642 (Tex. App.–Dallas
2004, pet. denied).  To be probable, the
expenses must be more likely than not to occur. 
Pilgrim’s Pride Corp. v. Smoak, 134 S.W.3d 880, 905 (Tex.
App.–Texarkana 2004, pet. denied).      

            Here,
Stephanie Slover testified that her son currently had no medical appointments
scheduled though he may need medical care in the future.  But she also conceded that he may not need
later medical help.  The mere chance of
needing future medical care (as exemplified in the circumstances before us) is
not sufficient to meet the necessary quantum of evidence.  Id. at 906.  Thus, any award to recompense for such loss
would be improper, given the record before us. 
Because of this, the fact that an award for future medical expense was
requested via the pleadings and at the default hearing, and the lack of any
attempt to itemize or segregate what sums of money, if any, were allotted to
the myriad types of damage sought, we cannot but reverse and remand the actual
damages awarded.[2] 
Tex. Indus., Inc. v. Vaughn, 919
S.W.2d 798, 804 (Tex. App.–Houston [14th Dist.] 1996, no writ); accord, Whitaker v. Rose, 218 S.W.3d 216, 224 (Tex. App.–Houston [14th
Dist.] 2007, no pet.) (holding that when a default judgment specifies a single
damage award based on more than one damage element and there is no evidence to
support the award as to one of the elements, then the entire award must be
reversed and remanded even though one of the other elements might be sufficient
to support the award).  

            Accordingly,
we affirm the judgment with respect to liability and reverse and remand for a
new trial on the issue of damages. 
Excluded from the latter, however, is the question of whether Aim-Ex was
grossly negligent; that will not be retried for it was admitted.  See
Folsom Inv. Inc. v. Troutz, 632 S.W.2d at 877 (wherein all issues of damage
were remanded but the question of the defendant’s gross negligence was not).  

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

            

                











[1]Aim-Ex
does not allege on appeal that the cause of action was not properly pled. 





[2]This
relieves us from having to address the last issue before us.  Since the matter of damages is to be retried,
we need not determine if the trial court erred in not discounting the damages
for past medical care by an adjustment to the medical bills.